UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

      Plaintiffs,    **MEMORANDUM & ORDER**
                12-CV-4236 (MKB)
    v.

EVA GATEVA, M.D., HOLLIS MEDICAL
SERVICES, P.C., PARK AVENUE MEDICAL
CARE, P.C., GENTLE CARE MEDICAL
SERVICES, P.C., EXCELLENT MEDICAL CARE
SOLUTIONS, P.C., JACOB LEVIEV, NY BASIC
MANAGEMENT CORP., JOHN DOE "1"
through "5" and JOHN DOE CORPORATIONS "1"
through "5",

      Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") commenced the above-captioned action on August 23, 2012, against Defendants Eva Gateva, M.D. ("Gateva"), Hollis Medical Services, P.C. ("Hollis"), Park Avenue Medical Care, P.C. ("Park Avenue"), Gentle Care Medical Services, P.C. ("Gentle Care"), Excellent Medical Care Solutions, P.C. ("Excellent Medical"), Jacob Leviev ("Leviev"), N.Y. Basic Management Corp. ("Basic Management"), John Does 1 through 5, and John Doe Corporations 1 through 5 (collectively "Defendants"). (Docket Entry No. 1.) Plaintiffs alleged various causes of action, including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)–(d), common law fraud and unjust enrichment, arising out of a fraudulent

insurance scheme.  Defendants Gateva, Hollis, Park Avenue and Gentle Care failed to appear ("Defaulting Defendants").  On October 24, 2012, the Clerk of Court noted Defendant's default.  (Docket Entry Nos. 17–22.)  Plaintiffs subsequently moved for default judgment against the Defaulting Defendants.  (Docket Entry No. 29.)  On April 1, 2013, the Court referred the motion to Magistrate Judge Robert M. Levy for a report and recommendation.  On March 10, 2014, by Report and Recommendation ("R&R"), Judge Levy recommended that the Court grant Plaintiffs' motion for a default judgment and enter judgment against the Defaulting Defendants for damages as well as a declaratory judgment that Plaintiffs are not obligated to pay the outstanding claims submitted to Plaintiffs by Hollis, Park Avenue and Gentle Care (collectively the "Defaulting Corporate Defendants").  (Docket Entry No. 35.)

Specifically, Judge Levy recommended that the Court enter judgment as follows: (1) against Gateva, jointly and severally with the Corporate Defaulting Defendants, in the amount of $3,211,177.35 (consisting of the total of the damages owed by each Corporate Defaulting Defendant, $1,070,392.45, as well as treble damages), plus prejudgment interest at nine percent annual interest rate on $1,070,392.45 from January 1, 2008 through the date of entry of judgment, (2) against Hollis in the amount of $459,305.68, plus prejudgment interest at nine percent annual interest rate on that amount from January 1, 2008 through the date of entry of judgment, (3) against Park Avenue in the amount of $530,307.58, plus prejudgment interest at nine percent annual interest rate on that amount from January 1, 2009 through the date of entry of judgment, (4) against Gentle Care in the amount of $80,779.19, plus prejudgment interest at nine percent annual interest rate on that amount from January 1, 2009 through the date of entry of judgment.  (R&R 17.)  In addition, Judge Levy recommended that the Court enter a declaratory judgment that Plaintiffs are not obligated to pay the claims submitted to Plaintiffs by

the Corporate Defaulting Defendants which claims are actively in dispute, totaling $521,841.96. (*Id.*)

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Levy's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

The Clerk of the Court is directed to enter a declaratory judgment in favor of Plaintiffs and default judgments with prejudgment interest against the Defaulting Defendants as set forth above.

SO ORDERED:

     s/ MKB     
MARGO K. BRODIE
United States District Judge

Dated: March 30, 2014
       Brooklyn, New York